SFK/

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA A. HIGH and MILTON PICKERING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 15-cv-5972 |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

**COUNT I - MEDICAL NEGLIGENCE**

Plaintiff, LISA A. HIGH, by her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, THE UNITED STATES OF AMERICA (hereinafter "USA"), states as follows:

1. On February 16, 2012, and at all times mentioned herein, Access Community Health Network was a private entity providing healthcare services to patients through a network of locations throughout Chicago, Cook and DuPage counties, including but not limited to Access at Sinai Hospital.

2. On February 16, 2012, and at all times mentioned herein, Access Community Health Network a received grant money from the Public Health Service pursuant to 42 U.S.C. 233.

3. On February 16, 2012, and at all times mentioned herein, Charles Lampley, Jr., M.D. (hereinafter "LAMPLEY") was a physician duly licensed to practice medicine in the State of Illinois specializing in maternal fetal medicine.

4. On February 16, 2012, and at all times mentioned herein, LAMPLEY was a duly authorized agent of Access Community Health Network.

5. On February 16, 2012, Plaintiff, LISA A. HIGH, presented to Defendant, MOUNT SINAI HOSPITAL, at 24 6/7 weeks gestation for treatment of elevated blood pressures and to rule out preeclampsia.

6. On February 16, 2012, Plaintiff, LISA A. HIGH, was admitted to MOUNT SINAI HOSPITAL under the service of LAMPLEY.

7. From February 16 thru March 4, 2012, Plaintiff, LISA A. HIGH, remained admitted to MOUNT SINAI HOSPITAL and was treated by LAMPLEY.

8. On March 1, 2012, Plaintiff, LISA A. HIGH, underwent an emergency C-section at MOUNT SINAI HOSPITAL based on her continuing high blood pressures, abnormal urine test and kidney dysfunction.

9. On March 4, 2012, Plaintiff, LISA A. HIGH, developed a maximum temperature of 100.8.

10. On March 4, 2012, Plaintiff, LISA A. HIGH's lab results showed evidence of abnormally increased neutrophils.

11. On March 4, 2012, Plaintiff, LISA A. HIGH, was discharged from MOUNT SINAI HOSPITAL by LAMPLEY.

12. From March 19, 2012 thru September 24, 2012, Plaintiff, LISA A. HIGH, was followed at Access at Sinai Health Clinic by Marlene Green, M.D. (hereinafter "GREEN").

13. On March 19, 2012, and at all times mentioned herein, GREEN was a physician duly licensed to practice medicine in the State of Illinois specializing in obstetrics and gynecology.

14. On February 16, 2012, and at all times mentioned herein, GREEN was a duly authorized agent of Access Community Health Network.

15. On March 19, 2012, Plaintiff, LISA A. HIGH, presented to Access at Sinai, with fatigue, post-tussive emesis and weakness.

16. On March 19, 2012, Plaintiff, LISA A. HIGH, was seen and evaluated at Access at Sinai by a medical student under the supervision of GREEN.

17. On April 3, 2012, Plaintiff, LISA A. HIGH, presented to Access at Sinai with symptoms of arthralgia and was seen and evaluated by a medical student under the supervision of GREEN.

18. On April 3, 2012, Defendant, GREEN, did not order labs, cultures or a cardiovascular exam for Plaintiff, LISA A. HIGH.

19. On April 11, 2012, Plaintiff, LISA A. HIGH, presented to Access at Sinai with complaints of shortness of breath, heart palpitations and uncontrolled hypertension.

20. On April 25, 2012, Plaintiff, LISA A. HIGH, presented to Access at Sinai with complaints of coughing and swelling and a nine-pound weight loss.

21. On May 23, 2012, Plaintiff, LISA A. HIGH, presented to Access at Sinai with continuing symptoms of arthralgia.

22. On August 22, 2012, Plaintiff, LISA A. HIGH, presented to Access at Sinai with emesis, abdominal pain, significant weight loss of over 30 pounds in four months, episodes of repeated vomiting and stomach pain.

23. On August 23, 2012, Plaintiff, LISA A. HIGH's lab results revealed profound anemia with low hemoglobin, large ketones and low albumin as well as cloudy urine which tested positive for abnormal white blood cells and crystals.

24. On September 24, 2012, Plaintiff, LISA A. HIGH, suffered an embolic stroke.

25. On September 24, 2012, Plaintiff, LISA A. HIGH, presented to the emergency department of Loyola University Medical Center suffering from dysarthria, left facial droop and left upper extremity drift, and was subsequently admitted.

26. On September 24, 2012, Plaintiff, LISA A. HIGH, underwent a chest CT, which revealed hypodensities in the left parietal and right frontal lobes, and a follow-up MRI of her brain, which reported findings suspicious for septic emboli.

27. On September 24, 2012, Plaintiff, LISA A. HIGH, was diagnosed with endocarditis and embolic stroke.

28. On September 25, 2012, Plaintiff, LISA A. HIGH, underwent a transesophageal echocardiogram ("TEE"), which revealed aortic and mitral valve vegetations.

29. On September 25, 2012, Plaintiff, LISA A. HIGH's blood cultures tested positive for Enterococcus Faecalis.

30. On September 25, 2012, Plaintiff, LISA A. HIGH, underwent an aortic valve replacement and mitral valve repair.

31. Before September 25, 2012 Plaintiff, LISA A. HIGH, neither knew nor should have known that her injury may have been wrongfully caused and this cause is brought within two years of September 25, 2012 .

32. On September 18, 2014, Plaintiffs presented their claims to the Department of Health and Human Services.

33. On September 19, 2014, Plaintiffs filed a lawsuit in the Circuit Court of Cook County against the following individual health care providers and private entities: Mount Sinai Hospital Medical Center of Chicago, Sinai Health System, The Mount Sinai Community

4

Foundation d/b/a Sinai Medical Group, Charles Lampley, Jr., M.D. (ob/gyn), Marlene Green, M.D. (ob/gyn), Seema Ahmed, M.D. (resident), Mohammad M. Ahmed, M.D. (nephrologist) and Girija Kumar, M.D. (internal medicine).

34. On February 18, 2015, the six-month period for HHS to make a final determination set forth by 28 U.S.C.A. § 2675 (a) expired.

35. On April 15, 2015, the Department of Health and Human Services denied Plaintiffs' administrative claims.

36. On April 21, 2015, Thomas P. Walsh, United States Attorney for the Northern District of Illinois, by virtue of the authority delegated to him by the Attorney General, certified that for the purposes of this case, Access Community Health Network, LAMPLEY and GREEN were deemed employees of the USA pursuant to 28 U.S.C.A. § 2679 (d)(2).

37. On April 22, 2015, the Circuit Court of Cook County case was removed to the United States District Court Northern District of Illinois Eastern Division and the United States was substituted as the party defendant, pursuant to 28 U.S.C.A. § 2679 (d)(2).

38. In the removed case 15-cv-3527 in this Court, the Defendant, USA, was substituted as the party Defendant in lieu of LAMPLEY and GREEN.

39. On June 12, 2015, the District Court dismissed Plaintiff's FTCA Complaint against the USA, without prejudice, with leave to refile their Complaint against the United States by October 15, 2015, in order to comply with the FTCA's statute of limitations.

40. On June 12, 2015, the District Court exercised supplemental jurisdiction over the Plaintiffs' state law claims despite the dismissal of the Complaint against the United States because the state law claim derives from the common nucleus of operative facts as the federal law claims and for the sake of judicial efficiency.

5

41. On and before February 22, 2012, and at all times mentioned herein, LAMPLEY, had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified physicians under similar circumstances in his care and treatment of Plaintiff, LISA A. HIGH.

42. On February 22, 2012, and thereafter, Defendant, USA, through its employee, LAMPLEY, was professionally negligent in the following ways:

    a. failed to timely identify bacterial infection in LISA A. HIGH;

    b. failed to properly treat a bacterial infection in LISA A. HIGH;

    c. failed to properly monitor LISA A. HIGH's symptoms and infection;

    d. failed to order follow-up cultures;

    e. failed to request an infectious disease consult; and

    f. failed to request a cardiac consult.

43. On and before March 19, 2012, and at all times mentioned herein, GREEN had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified physicians under similar circumstances in her care and treatment of Plaintiff, LISA A. HIGH.

44. On March 19, 2012, and thereafter, Defendant, USA, through its employee, GREEN, was professionally negligent the following ways:

    a. failed to timely identify bacterial infection in LISA A. HIGH;

    b. failed to properly treat a bacterial infection in LISA A. HIGH;

    c. failed to properly monitor LISA A. HIGH's symptoms and infection;

    d. failed to order follow-up cultures;

    e. failed to request an infectious disease consult; and

      f.     failed to request a cardiac consult.

45. As a direct and proximate result of the aforesaid negligent acts or omissions, Plaintiff, LISA A. HIGH, sustained injuries of a personal and pecuniary nature.

46. Attached to Plaintiffs' Complaint at Law is the affidavit of one of Plaintiffs' attorneys and the written physicians' reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, LISA A. HIGH, demands judgment against Defendant, THE UNITED STATES OF AMERICA in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II – LOSS OF CONSORTIUM

Plaintiff, MELVIN PICKERING, by his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, THE UNITED STATES OF AMERICA (hereinafter "USA"), states as follows:

1-45. Plaintiff, MILTON PICKERING, re-asserts and re-alleges paragraphs 1-45 of Count I as if fully set forth herein.

46. On and before February 22, 2012, Plaintiff, MILTON PICKERING, was the wedded husband of Plaintiff, LISA A. HIGH, and as a direct and proximate result of the injuries sustained by the Plaintiff, LISA A. HIGH, Plaintiff, MILTON PICKERING, sustained injuries of a personal and pecuniary nature, including, but not limited to, loss of society, companionship, affection and consortium.

47. Attached to Plaintiffs' Complaint at Law is the affidavit of one of Plaintiffs' attorneys and the written physician's report required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, MILTON PICKERING, demands judgment against the Defendant, THE UNITED STATES OF AMERICA in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

_____
Attorney for Plaintiffs

Keith A. Hebeisen
Sarah F. King
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
Firm ID No. 32640

8